USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,        :
also known as Randy S.
Raghavendra,                           :

              Plaintiff,               :

    -against-                          :    06 Civ. 6841 (PAC)(HBP)

THE TRUSTEES OF COLUMBIA               :
UNIVERSITY, et al.,
                                       :
              Defendants.
                                       :
-----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,        :
Founder, Racial Equality
Struggles for Columbia University      :
Employees (Rescue) Ad Hoc
Committee, also known as Randy S.      :
Raghavendra,
                                       :
              Plaintiff,
                                       :
    -against-                          :    08 Civ. 8120 (PAC)(HBP)
                                       :
NATIONAL LABOR RELATIONS BOARD,
et al.,                                :

              Defendants.              :

-----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,        :
also known as Randy S.
Raghavendra,                           :

              Plaintiff,               :

    -against-                          :    09 Civ. 0019 (PAC)(HBP)

THE TRUSTEES OF COLUMBIA               :    REPORT AND
UNIVERSITY, et al.,                         RECOMMENDATION
                                       :
              Defendants.
-----------------------------------X
```

Case 1:09-cv-00019-PAC-HBP   Document 18   Filed 04/28/09   Page 2 of 9

PITMAN, United States Magistrate Judge:

TO THE HONORABLE PAUL A. CROTTY, United States District Judge:

I. Introduction

By letter dated February 2, 2009, defendants the Trustees of Columbia University in the City of New York, Lee C. Bollinger, Robert Kadsdin, William R. Scott, Karen Fry and Susan Rieger (the "Columbia Defendants") seek an Order precluding plaintiff from having any direct communication with Bollinger, Kasdin and Columbia University's Interim General Counsel Jane Booth, Esq. and directing that all of plaintiff's communications with the Columbia Defendants be made through their counsel. For the reasons set forth below, I respectfully recommend[1] that the Columbia Defendants' application be denied.

II. Facts

These actions involve a raft of claims arising out of plaintiff's allegations that Columbia University and the other defendants have engaged in a series of discriminatory activities.

---

[1] I believe that the Columbia Defendants' application is appropriate addressed by way of a report and recommendation because it seeks relief in the nature of an injunction. See 28 U.S.C. § 636(b)(1)(A) (precluding Magistrate Judges from deciding motions for injunctive relief).

2

The allegations in Docket No. 06 Civ. 6841 are set forth in detail in my Report and Recommendation dated March 10, 2008 which recommended that defendants' motion to dismiss be granted in part and denied in part. See Raghavendra v. Trustees of Columbia Univ., 06 Civ. 6841 (PAC)(HBP), 2008 WL 2696226 (S.D.N.Y. July 7, 2008) (adopting March 10, 2008 Report and Recommendation).

The present dispute arises out of the Columbia Defendants' claim that the plaintiff, a non-attorney who is proceeding pro se in Docket Nos. 08 Civ. 8120 and 09 Civ. 0019, has been sending Bollinger, Kasdin and Booth, by fax and by e-mail, copies of all correspondence that he has been sending to their counsel. Bollinger, Kasdin and Booth claim that they are being harassed by this correspondence. Plaintiff objects to the application, characterizing it as an application for a preliminary injunction to curtail his First Amendment rights.

III. Analysis

It is not entirely clear whether the Columbia Defendants' application should be characterized as an application for a preliminary injunction or an Order under the Court's inherent power to regulate the conduct of one of the litigants before it in connection with a pending litigation.

If it is viewed as a preliminary injunction, it appears to be procedurally defective. There is no claim in any of these

3

matters seeking an injunction preventing plaintiff from communicating directly with Bollinger, Kasdin or Booth.  Thus, the present application seeks relief concerning events that are outside the scope of this lawsuit.  Since the purpose of a preliminary injunction "is to guard against a change in conditions which will hamper or prevent the granting of such relief as may be found proper after the trial of the issues," United States v. Adler's Creamery, Inc., 107 F.2d 987, 990 (2d Cir. 1939) (Chase, J.), it appears that a motion for a preliminary injunction based on claims outside the scope of and unrelated to the allegations in the pleading is procedurally defective.  Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Although a Court does, no doubt, have inherent power to issue orders to the parties and their counsel concerning the conduct of the litigation, see Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991), it is not entirely clear that this power extends to the communications in issue.  The communications in issue here are not taking place before the Court, do not detract from the decorum of the Court and do not impose any burden on the Court.  Although the communications have some connection to the litigation, the presence or absence of the communications have no

4

effect on the Court or its ability to resolve the claims efficiently. In addition, because plaintiff is not an attorney, there is no ethical obstacle to plaintiff contacting Bollinger, Kasdin and Booth.

Assuming, without deciding, that I have the power to issue the Order sought by the Columbia Defendants, I agree with the plaintiff that the relief sought is in the nature of an injunction preventing plaintiff from engaging in a certain type of speech and that the relief is not appropriate unless the Columbia Defendants meet the well-established standard for the issuance of a preliminary injunction:

> A party seeking a preliminary injunction must demonstrate: (1) "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor," County of Nassau, N.Y. v. Leavitt, 524 F.3d 408, 414 (2d Cir. 2008), and (2) "irreparable harm in the absence of the injunction," id.

Faiveley Transport Malmo AB v. Wabtec Corp. 559 F.3d 110, 116 (2d Cir. 2009); accord Green Party of New York State v. New York State Bd. of Elections, 389 F.3d 411, 418 (2d Cir. 2004); Prayze FM v. F.C.C., 214 F.3d 245, 249-50 (2d Cir. 2000).

The Columbia Defendants have not even come close to establishing irreparable harm; at most they have established that plaintiff's e-mails and faxes constitute an irritation. Given the speed and ease with which e-mails can be deleted and faxes discarded, Bolinger, Kasdin and Booth's receipt of unwanted e-

5

mails concerning the alleged conduct of Columbia University does not constitute irreparable harm.

A similar application was made in Bynog v. SL Green Realty Corp., 05 Civ. 0305 (WHP), 2005 WL 3497821 (S.D.N.Y. Dec. 22, 2005). Bynog was an employment discrimination action in which plaintiff alleged, among other things, that she had been wrongfully terminated. After her termination, plaintiff engaged in conduct to publicize her grievance, including transmitting e-mails to defendant's officers, directors and employees. Defendants counterclaimed for prima facie tort, trade libel and related torts based on this conduct.

Defendants sought an Order preventing plaintiff from, among other things, communicating with its officers, directors and employees. The Honorable William H. Pauley, United States District Judge, analyzed the application as an application for a preliminary injunction and noted that a preliminary injunction is warranted only if the prospect of imminent, irreparable, non-specultive harm has been shown. 2005 WL 3497821 at *2. After also noting among other things, "that in the context of speech, a preliminary injunction that imposes a prior restraint 'bear[s] a heavy presumption against its constitutional validity.'" 2005 WL 3497821 at *2, quoting Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70 (1963), Judge Pauley found that even if there was a likelihood of injury to defendant's business, it did not consti-

6

tute the prospect of irreparable harm and, accordingly, a preliminary injunction was not warranted. 2005 WL 3497821 at *4.

Bynog is instructive here. Bollinger, Kasdin and Booth have shown even less likelihood of irreparable harm than was shown in Bynog. Since a preliminary injunction was not warranted in Bynog, it certainly is not warranted here.

Since the Columbia Defendants have not show any likelihood of irreparable harm, it is not necessary to address the other pre-requisites for the issuance of a preliminary injunction. Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990).

IV. Conclusion

Accordingly, for all the reasons set forth above, I respectfully recommend that the Columbia Defendants' application for an Order directing that plaintiff refrain from having any direct contact with Lee Bollinger, Robert Kasdin and Jane Booth be denied in all respects.

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections. See also Fed.R.Civ.P. 6(a) and 6(d).

Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, United States District Judge, 500 Pearl Street, Room 735, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        April 28, 2009

Respectfully submitted,

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Louis D. Stober, Esq.
Suite 205
350 Old Country Road
Garden City, New York  11530

Mr. Rajagopala Sampath Raghavendra
P.O. Box 7066
Hicksville, New York  11802-7066

8

Edward A. Brill, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York  10036

Charles B. Updike, Esq.
Schoeman, Updike & Kaufman LLP
39th Floor
60 East 42nd Street
New York, New York  10165

Tara M. LaMorte, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York  10007