UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
RAJAGOPALA SAMPATH RAGHAVENDRA,
also known as, "Randy S.            :
Raghavendra,"
                                    :
                  Plaintiff,            06 Civ. 6841 (PAC)(HBP)
                                    :
      -against-
                                    :
THE TRUSTEES OF COLUMBIA
UNIVERSITY, et al.,                 :

                  Defendants.       :

-----------------------------------X
                                    :
RAJAGOPALA SAMPATH RAGHAVENDRA,
also known as, "Randy S.            :
Raghavendra,"
                                    :
                  Plaintiff,            09 Civ. 0019 (PAC)(HBP)
                                    :
      -against-                         MEMORANDUM OPINION
                                    :   AND ORDER
THE TRUSTEES OF COLUMBIA
UNIVERSITY, et al.,                 :

                  Defendants.       :

-----------------------------------X


          PITMAN, United States Magistrate Judge:


          By motions dated November 25, 2011, plaintiff moves to

stay the above-referenced actions for at least ninety days in

order to retain counsel with experience in legal malpractice

matters (Docket Item 156 in 06 Civ. 6841; Docket Item 58 in 09

Civ. 0019).  Plaintiff also moves to remove Louis D. Stober, Jr.

and the Law Offices of Louis D. Stober, Jr., LLC (collectively,
the "Stober Defendants") as his attorney in the 06 Civ. 6841
action (Docket Item 156 in 06 Civ. 6841).  Finally, by motion
dated March 26, 2012, plaintiff moves to re-open the 06 Civ. 6841
action "for all matters of litigation" (Docket Item 170 in 06
Civ. 6841).

        With respect to his request for a stay in the 06 Civ.
6841 and 09 Civ. 0019 actions, plaintiff contends that having
legal malpractice counsel will allow him to (1) pursue claims
against the defendants in these actions arising out of the July
30, 2009 settlement and (2) defend against the Stober Defendants'
motion for legal fees (Pl.'s Mot. to Remove the Stober Defs.' and
Req. for Stay, dated Nov. 25, 2011 (Docket Item 156 in 06 Civ.
6841), 2; Pl.'s Mot. to Stay, dated Nov. 25, 2011 (Docket Item 58
in 09 Civ. 0019), 2).  Plaintiff has not, however, demonstrated
that a stay is necessary in either action.

        First, plaintiff's motions have been pending for
approximately seven months.  As a result, plaintiff has already
had more than ample time to retain counsel in this matter.
Second, plaintiff contends that he needs counsel in order to
pursue claims arising out of the July 30, 2009 settlement;
however, plaintiff attacked the settlement immediately after it
was reached and he continues this attack to date.  Plaintiff also

contends that he needs counsel in order to defend against the
Stober Defendants' motion for legal fees; however, plaintiff has
already submitted his opposition papers to the motion (Docket
Items 163, 164 and 171 in 06 Civ. 6841).

      Finally, plaintiff raises the same arguments concerning
the settlement agreement and the Stober Defendants' motion for
legal fees that he already presented to, and that were rejected
by, both this Court and the Second Circuit.  Judge Crotty held
that the settlement agreement was valid and enforceable, and,
further, that the Stober Defendants were entitled to recover
their full contingency fee as provided for under the retainer
agreement.  Raghavendra v. Trustees of Columbia Univ., 686 F.
Supp. 2d 332, 335-38 (S.D.N.Y. 2010), aff'd in part, rev'd in
part, 434 F. App'x 31 (2d Cir. 2011).  Although the Second
Circuit reversed Judge Crotty's determination concerning the
amount of legal fees recoverable by the Stober Defendants and the
matter has since been remanded for further factual findings with
respect to that issue only, the Second Circuit affirmed Judge
Crotty's determination that the settlement agreement was valid
and enforceable.  Raghavendra v. Trustees of Columbia Univ.,
supra, 434 F. App'x at 32.  Thus, the only issue that remains to
be resolved in this matter is the Stober Defendants' motion for
legal fees, and a stay in either action would serve only to

further delay proceedings that have been ongoing in this Court

for six years.  As such, plaintiff's motions to stay the 06 Civ.

6841 and 09 Civ. 0019 actions are denied.[1]

     Plaintiff's motion to re-open the 06 Civ. 6841 action

"for all matters of litigation" is similarly without merit.  As

noted above, the Second Circuit has affirmed this Court's finding

that the parties entered into an enforceable settlement of the

claims in this matter, and the only issue that remains to be

resolved is the Stober Defendants' motion for legal fees.  To the

extent that plaintiff seeks to re-open the 06 Civ. 6841 action to

litigate the fee dispute, that application is denied as moot

because the Stober Defendants' motion is already fully submitted

and pending before this Court.  To the extent that plaintiff

seeks to challenge the merits of the Second Circuit's rulings,

plaintiff's application is also denied.  Plaintiff offers no

convincing reason whatsoever for questioning the prior rulings of

---

[1]The Stober Defendants request that the Court strike these
motions from the record because Judge Crotty's February 19, 2010
decision also directed plaintiff to "'cease filing papers
containing immaterial and inappropriate statements and ad hominem
remarks about Stober'" (Decl. of Mercedes Colwin in Resp. to
Stay, dated Dec. 12, 2011 ("Colwin Decl.") (Docket Item 160 in 06
Civ. 6841), ¶ 4, quoting Raghavendra v. Trustees of Columbia
Univ., supra, 686 F. Supp. 2d at 338).  Although substantially
all of the motions that plaintiff has filed after the July 30,
2009 settlement contain virtually the same factual allegations
against the Stober Defendants, I find it unnecessary to strike
plaintiff's papers.

this Court and this Circuit.

Finally, plaintiff seeks an order of this Court remov-
ing the Stober Defendants as his attorney in the 06 Civ. 6841
action.[2]  The docket in this action demonstrates the following.
By motion dated June 19, 2009, the Stober Defendants moved to
withdraw as counsel for plaintiff (Docket Item 101 in 06 Civ.
6841).  On July 30, 2009, a mediation was held at which the
Stober Defendants appeared on behalf of plaintiff notwithstanding
their pending motion to withdraw.  During this mediation, the
Stober Defendants successfully negotiated a settlement between
the parties.  As a result of the settlement, the Stober Defen-
dants sent a letter to the Court dated July 30, 2009, wherein
they represented that a settlement had been reached in the matter
and that they were withdrawing their motion to be relieved as
plaintiff's counsel (Ex. C attached to Decl. of Louis D. Stober,
Jr., Esq., dated Jan. 19, 2010 ("Stober Decl.") (Docket Item 136
in 06 Civ. 6841), ¶ 26).

Immediately after the settlement was reached, plaintiff
filed a series of motions attacking the validity of the settle-
ment agreement and opposing the payment of any legal fees to the

---

[2]Plaintiff has multiple related actions in this Court;
however, the Stober Defendants only entered a Notice of
Appearance in the 06 Civ. 6841 action (see Docket Items 55 and 82
in 06 Civ. 6841).

Stober Defendants.  In one motion, plaintiff requested that the Stober Defendants be removed as his attorney (Docket Item 108 in 06 Civ. 6841).  As a result of Judge Crotty's February 19, 2010 decision upholding the settlement agreement, however, this motion was stricken from the record.  Raghavendra v. Trustees of Columbia Univ., supra, 686 F. Supp. 2d at 336-37.

To the extent that plaintiff is merely seeking confirmation that the Stober Defendants no longer represent him in the 06 Civ. 6841 action, that is confirmed.  The Stober Defendants concede this to be the case (see Colwin Decl. ¶ 2).  However, to the extent that plaintiff is seeking a nunc pro tunc order of this Court removing the Stober Defendants as his attorney prior to the July 30, 2009 settlement, that application is denied.  As already noted, notwithstanding their pending motion to withdraw, the Stober Defendants represented plaintiff at the settlement conference and negotiated a successful settlement between the parties that was extremely favorable to plaintiff.  Plaintiff accepted these services.  Accordingly, at this point in the litigation, such a nunc pro tunc order would serve no purpose.

For all the foregoing reasons, (1) plaintiff's motions to stay the above-referenced actions are denied, (2) plaintiff's motion to remove the Stober Defendants as his attorney in the 06 Civ. 6841 action is denied and (3) plaintiff's motion to re-open

the 06 Civ. 6841 action is denied.   The Clerk of the Court is

directed to mark as closed Docket Items 156 and 170 in 06 Civ.

6841 and Docket Item 58 in 09 Civ. 0019.

Dated:   New York, New York
         July 3, 2012

                                        SO ORDERED


                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge


Copies mailed to:

Louis D. Stober, Esq.
Suite 205
350 Old Country Road
Garden City, New York   11530

Mr. Rajagopala S. Raghavendra
P.O. Box 7066
Hicksville, New York   11802-7066

Edward A. Brill, Esq.
Susan D. Friedfel, Esq.
Proskauer Rose LLP
11 Times Square
New York, New York   10036

Charles B. Updike, Esq.
Schoeman, Updike & Kaufman LLP
39th Floor
60 East 42nd Street
New York, New York   10165

Robert G. Leino, Esq.
Room 17F
15 Park Row
New York, New York   10038


7